USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/19/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

PONCIANO VILLALVA-ZEFERINO, :

Plaintiff, : 15 Civ. 6932 (HBP)

-against- : CORRECTED OPINION AND ORDER[1]

PARK PIZZA, INC. and ARTURO IENTILE, :

:

Defendants.

:
-----------------------------------X

PITMAN, United States Magistrate Judge:

This matter is before me on the parties' joint application to approve the settlement reached in this matter. The application was made orally after the conclusion of a settlement conference held on February 4, 2016 at which I presided. The parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

This is an action for allegedly unpaid wages, overtime and spread-of-hours pay brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor Law. Plaintiff also asserts claims based on defendants' alleged failure to provide a variety of notices required by New York

---

[1]This Corrected Opinion and Order corrects several word-processing errors that exist in the Opinion and Order issued on February 17, 2016.

State law and claims based on certain work-related expenses that plaintiff claims he was improperly required to pay himself.

Plaintiff was formerly employed by the defendant restaurant, making deliveries and performing miscellaneous chores. Exclusive of liquidated and statutory damages, plaintiff claims he is owed, in total, approximately $13,000; including liquidated and statutory damages as claimed by plaintiff raises the total to approximately $42,750. Although the parties dispute the number of hours actually worked by plaintiff, it appears that defendants have no defense to a portion of plaintiff's claims. Defendants paid plaintiff a reduced hourly rate based on the tip credit, and there is no real factual dispute that defendants were not entitled to the benefit of the tip credit. Neither side has any record of the hours worked by plaintiffs.

At this point, the parties' respective positions concerning the hours plaintiff worked -- the issue the controls the lion's share of plaintiff's claimed damages -- are based entirely on the parties' own testimony. No third parties have been deposed, and it is not known whether plaintiff's co-employees will support plaintiff or defendants.

The gross settlement amount is $29,000.00.[2] The foregoing settlement was reached after a lengthy settlement conference attended by counsel for both sides and the principals.

> Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir.1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. Keybank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir.1982).

The settlement figure represent a substantial portion (approximately 70%) of plaintiff's claimed actual, liquidated and statutory damages. Given the uncertainty of litigation, the fact that plaintiff's case, at least at this point, is based entirely

---

[2]The parties agreed that $29,000 settlement figure will be paid in 9 equal monthly installments of $3,222.22 commencing on February 20, 2016. The settlement will be secured by a confession of judgment in the amount of $36,000 less the amount previously paid as of the date of default. The settlement also provides for notice and cure in the event of default.

on plaintiff's own testimony and that plaintiff bears the burden of proof, the settlement represents a fair and reasonable compromise of plaintiff's claims.[3]

Accordingly, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Court shall retain jurisdiction to enforce the settlement agreement. See Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015).

Dated: New York, New York
February 19, 2016

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

---

[3]I do not address the fee arrangement between plaintiff and his counsel because I do not believe I am required to do so under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016). As described in Cheeks, the purpose of the FLSA is to regulate the relationship between an employee and his employer and to protect the employee from over-reaching by the employer. 796 F.3d at 206. I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney.